**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY and INDIAN HARBOR INSURANCE COMPANY<br>Plaintiffs,<br><br>vs.<br><br>BRACH EICHLER, LLC and<br>WILLIAM J. FRIEDMAN, ESQUIRE<br><br>Defendants | Civil Action No. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs, Endurance American Specialty Insurance Company ("Endurance") and Indian Harbor Insurance Company ("Indian Harbor"), by and through their counsel, Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy, P.C., submit this Complaint, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, as follows:

**THE PARTIES**

1. Plaintiff Endurance is an insurance company incorporated under the laws of the state of Delaware with a principal place of business located in New York, New York.

2. Plaintiff, Indian Harbor is an insurance company incorporated under the laws of the state of Delaware with a principal place of business located in Stamford, Connecticut.

3. Upon information and belief, Defendant Brach Eichler, LLC, ("Brach Eichler") is a Limited Liability Company which is a citizen of New Jersey, and is

organized under the laws of the state of New Jersey with a principal place of business located at 101 Eisenhower Parkway, Roseland, New Jersey, 07068.

4. Defendant William J. Friedman, Esquire is an adult individual who is domiciled in Morris County, New Jersey and who has an interest in the outcome of this litigation for Declaratory Judgment.

## JURISDICTION AND VENUE

5. Jurisdiction is appropriate pursuant to 28 U.S.C. §1332 by virtue of the diversity of citizenship of the parties and because the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

6. 28 U.S.C. §2201 authorizes this Court to enter an order declaring the rights and obligations of the parties with respect to the insurance Policies that are the subject of this action.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(1) and §1391(a)(2) because the insurance contract at issue was written in New Jersey, the underlying incident occurred in New Jersey, and Brach Eichler is located in New Jersey.

## THE UNDERLYING ACTION

8. On or about July 17, 2013, Cardean, LLC, Frameware, Inc., Profiles, LLC, Carmen Deluccia and Dean Deluccia (collectively "Underlying Plaintiffs") instituted an action against multiple entities, including Unimatic Manufacturing Corporation ("Unimatic"), in the Superior Court of New Jersey, Law Division, Essex County, Docket No. ESX-L-5864-13, ("the Underlying Action").

9. On January 16, 2018, the Underlying Plaintiffs filed an Amended Complaint naming William J. Friedman, Esquire and Brach Eichler, LLC as defendants. A copy of the Amended Complaint is attached hereto as Exhibit "A."

10. Cardean allegedly purchased from Unimatic real estate located at 25 Sherwood Lane, Fairfield Township, New Jersey, along with a building on the land (the "Property") for approximately nine hundred thousand dollars ($900,000.00). *See* Exhibit "A" at ¶ 11.

11. Friedman is an attorney who represented Unimatic with regard to environmental issues which arose regarding the sale of the Property. *See* Exhibit "A" at ¶ 14.

12. Framewear, Inc. and Profiles, LLC were tenants at the Property after Cardean purchased the Property. *See* Exhibit "A" at ¶¶ 16-17.

13. Dean DeLuccia is allegedly a managing member of Cardean, LLC and President of Framewear, Inc., and Carmen DeLuccia is allegedly President of Cardean, LLC. *See* Exhibit "A" at ¶¶ 4-5.

14. The Underlying Plaintiffs allege Unimatic, through its historical operations at the Property, discharged hazardous substances, including Polychlorinated Biphenyls ("PCBs") at the Property, both inside and outside of the building. Exhibit "A" at ¶¶ 20-24.

15. The Underlying Plaintiffs allege the EPA and New Jersey Department of Health mandated the Property be vacated due to the contamination, leaving it valueless, and that Carmen DeLuccia has been diagnosed with cancer as a result of his exposure to the contamination. *See* Exhibit "A" at ¶¶ 52, 56.

16. Friedman continued representing Unimatic until mid-2013 in relation to Unimatic's post-sale remediation of contamination at the property. *See* Exhibit "A" at ¶ 14.

17. From on or about April 2009 until some time in 2012, Friedman was an attorney affiliated with Brach Eichler.

18. Brach Eichler's inclusion as a defendant in the Underlying Action stems from Friedman's alleged affiliation with Brach Eichler. *See* Exhibit "A" at ¶¶ 13, 74, 82, 119.

19. Claims for Legal Malpractice/Negligence and Negligent Misrepresentation were asserted against Brach Eichler based on allegations that Friedman made incorrect statements and/or omitted material disclosures to the Underlying Plaintiffs regarding environmental conditions and contamination at the Property. *See* Exhibit "A" at ¶¶ 70, 77-78.

20. The Underlying Plaintiffs also assert a claim for Fraud against Brach Eichler based on allegations that Friedman knowingly made false representations to Plaintiffs concerning material facts regarding the use of PCBs and contamination at the property. *See* Exhibit "A" at ¶¶113-114.

21. The Underlying Plaintiffs allege Brach Eichler was formerly known as, and operated as, Wolf Block Brach Eichler, PC, and Brach Eichler Rosenberg Silver Bernstein Hammer & Gladstone. *See* Exhibit "A" at ¶ 10.

22. The Underlying Plaintiffs seek both compensatory and punitive damages. *See* Exhibit "A" at p. 30.

23. Brach Eichler represented Unimatic in the Underlying Action from the inception of the Underlying Action in 2013 until the present time.

24. During the course of discovery in the Underlying Action, Brach Eichler learned that the Underlying Plaintiffs planned and expected to assert claims against Friedman relating to his involvement with the sale and remediation of the Property.

25. Brach Eichler was aware the Underlying Plaintiffs planned and expected to assert claims against Friedman on or about February 10, 2016, at the latest, and upon information and belief were aware Plaintiffs were preparing to assert claims against Friedman a long time prior to that date.

## APPLICATIONS AND WARRANTY LETTER FOR THE POLICIES

26. Endurance and Indian Harbor issued insurance policies to Brach Eichler, LLC which form the basis for this action. A copy of the declarations and insurance policy for the 2017-2018 Endurance Policy, number LPL10008953501, (the "Endurance Policy") is attached hereto as "Exhibit B." A copy of the declarations and insurance policy for the 2017-2018 Indian Harbor Policy, number LPN9035056 (the "Indian Harbor Policy"), is attached hereto as Exhibit "C."

27. In order to procure the Policies, Brach Eichler first submitted an insurance application on or about March 24, 2016.

28. Question 17 of the application stated:

> 17. After Inquiry, is any attorney in your firm aware:
> . . .
> b. Of any acts or omissions that may reasonably be expected to be the basis of a claim against them, the firm, any prior or predecessor firm, or against any current or former attorney of the firm, while affiliated with the firm?
>
> *If your answer is "Yes" to question 17a or 17b, please complete the "Supplemental Claim Form" for each such claim, act or omission.*

29. Brach Eichler answered "yes" to question 17(b), and provided information in a supplement to the application, but did not disclose the expected claim against Friedman.

30. At the time it submitted the application and supplement, Brach Eichler already knew a claim against Friedman was reasonably expected and knew it should be disclosed in response to question 17(b), yet Brach Eichler omitted the information from its supplement.

31. Brach Eichler, through its Managing Member, also submitted a Warranty Letter dated April 8, 2016, in which it represented and warranted, on behalf of all Insureds under the proposed policies, that "(1) no lawyer (or member of the management group) is aware of any Claim against any Insured, or any fact, circumstance, incident or Wrongful Act that, as of April 8, 2016, could reasonably give rise to a Claim which would be covered under the Policy, except as described in an exhibit to this letter; and (2) that all Claims and circumstances against any Insured have been reported to prior insurance carriers."

32. Brach Eichler did not provide notification of the expected claim against Friedman in the Underlying Action, and had not reported the circumstance of the impending claim against Friedman to its prior insurance carrier.

33. Brach Eichler acknowledged that the "letter is incorporated into and is a part of the Application for the Policy, is material to the Insurer's acceptance of risk under the Policy, and is being relied upon by the Insurer in underwriting the Policy."

34. Brach Eichler stated that "all statements made in [the] Application shall be deemed made to the Insurer."

35. The Warranty Letter stated that the Policy shall not cover, and the Insurers shall not be liable for, any loss resulting from a Claim or circumstance which is based upon or arises out of any fact, circumstance, incident or Wrongful Act described above.

36. At the time it submitted the Warranty Letter, application and supplement, Brach Eichler knew of the circumstances relating to the expected claim against Friedman, yet it had not reported it to its prior insurer and it did not disclose the circumstances to Endurance and Indian Harbor.

37. Based on the representations made in the application and Warranty Letter, Endurance and Catlin Specialty Insurance Company issued insurance policies to Brach Eichler. *See* Endurance Insurance Policy LPL10008953500 ("2016-2017 Endurance Policy"), attached hereto as Exhibit "D"; Catlin Specialty Insurance Company policy LPPQ-906917-0416 ("2016-2017 Catlin Policy"), attached hereto as Exhibit "E."

38. On March 16, 2017, Brach Eichler submitted an application for a renewal of the 2016-2017 Endurance Policy and the 2016-2017 Catlin Policy.

39. Brach Eichler again answered "yes" to question 17b, and provided information in the requested supplement, but again did not disclose the expected claim against Friedman.

40. At the time it submitted the application and supplement, Brach Eichler knew a claim against Friedman was reasonably expected and knew it should be disclosed in response to question 17(b), yet Brach Eichler omitted the information from its supplement.

41. Based on the representations made by Brach Eichler, Endurance issued a Lawyers Professional Indemnity Insurance Policy to Brach Eichler, LLC, policy number

7

LPL10008953501, (the "Endurance Policy") with a policy period of May 6, 2017 to May 6, 2018, which is attached hereto as "Exhibit B."

42. Subject to its terms and conditions, the Endurance Policy was issued on a 50% proportionate share basis, with a Per Claim Limit of $5,000,000 and an Aggregate Limit of $10,000,000. *See* Exhibit "B" at declarations.

43. Based on the representations made by Brach Eichler, Indian Harbor Insurance Company issued a Quota Share- Following Form Policy to Brach Eichler, LLC, policy number LPN9035056 (the "Indian Harbor Policy"), with a policy period of May 6, 2017 to May 6, 2018, which is attached hereto as Exhibit "C."

44. The Indian Harbor Policy is a renewal of the 2016-2017 Catlin Policy.

45. Subject to its terms and conditions, The Indian Harbor Policy was issued on a 50% proportionate share basis as stated in the Endurance Policy, with an Each Claim Limit of $5,000,000 and an Aggregate Limit of $10,000,000. *See* Exhibit "C" at declarations, and Policy ¶ III.

46. Subject to its terms and conditions, the Indian Harbor Policy is subject to the same terms, conditions and exclusions as the Endurance Policy. *See* Exhibit "C" at Policy ¶ I.

47. Since the filing of the Amended Complaint in the Underlying Action, Brach Eichler is seeking insurance coverage for the claims asserted in the Underlying Action.

48. By letter dated November 10, 2017, Endurance (through Sompo International) reserved its rights in regards to the Underlying Action.

49. An actual dispute exists between the parties as to whether Brach Eichler is entitled to insurance coverage for the Underlying Action under the Policies.

## THE POLICIES

50. Subject to their respective terms and conditions, the Policies provide for indemnification by the insurers of reasonable costs, charges and expenses incurred in connection with the defense of a covered Claim, after proper notification, and after exhaustion of Brach Eichler's retention.

51. The named insured is Brach Eichler, LLC, and no predecessors in business are identified in the Policies. *See* Exhibit "B" at Items 2 and 3.

52. The Policies incorporate the written application of insurance "containing particulars and statements which it is hereby agreed are the basis of the contract." *See* Exhibit "B" at Policy p. 1.

53. The Policies also contain certain exclusions, and in particular, state as follows:

> III. Exclusions
>
> This Policy excludes:
>
> A. any **Claim** or circumstance in respect to which any **Insured**, before the **Inception Date** of the **Policy Period**, has given valid written notice to any lawyers professional liability insurer or is detailed in the **Application;**

See Exhibit "B" at Policy ¶ III(A) (emphasis in original).

54. The Policies exclude Claims against an organization not listed on Items 2 or 3 of the Declarations. *See* Exhibit "B" at Policy ¶ III(H).

55. In addition the Policies are subject to certain endorsements which may apply.

56. There is an endorsement titled GENERAL CHANGE ENDORSEMENT (RETROACTIVE DATE) which provides that the insurance only applies to acts committed on or after the Retroactive Date, which is defined as April 6, 2009, and reads in part:

> The lead paragraph in Section **I. COVERAGE** is deleted in its entirety and replaced as follows:
>
>> This Policy is to indemnify, subject to its terms, conditions, exclusions and limitations, any **Insured** in respect to any **Claim** first made against any **Insured** during the **Policy Period** or Extended Reporting Period, if applicable, by reason of any **Act** committed on or after the **Retroactive Date** and before the Policy terminates wherever such **Act** was or may have been committed or alleged to have been committed:
>
> For purposes of this endorsement, **Retroactive Date** means 04/06/2009.

*See* Exhibit "B" at Endorsement 8 (emphasis in original).

57. Plaintiffs now seek a declaration from this Court that the Policies are reformed to exclude coverage for the Underlying Action, based on Brach Eichler's material misrepresentations on its Applications and the Warranty Letter.

58. In the alternative, Plaintiffs seek a declaration from this Court as to limitations on the duty to indemnify under the terms of the Policies.

## COUNT I - DECLARATORY JUDGMENT
### (Material Misrepresentation- Reformation)

59. Plaintiffs incorporate the preceding paragraphs of this Complaint as if set forth at length herein.

60. Brach Eichler made material misrepresentations and material omissions in its applications for insurance and the Warranty Letter, such misrepresentations and

omissions which were reasonably relied upon by the insurers in the issuance of the 2016-2017 Policies and the 2017-2018 Policies.

61. The material misrepresentations and omissions set forth in its applications and Warranty Letter affected the decisions to issue, deliver and renew the 2016-2017 policies and the 2017-2018 policies as written and to accept the risks upon which issuance of said insurance coverage was based.

62. Endurance and Indian Harbor's reliance upon Brach Eichler's material misrepresentations and omissions in the applications and Warranty Letter were reasonable.

63. Brach Eichler's misrepresentations and omissions are unconscionable conduct.

64. Brach Eichler's misrepresentations and omissions amount to equitable fraud.

65. Additionally, had Brach Eichler fulfilled its obligations to report the expected claim against Friedman in its initial application, the Underlying Action would have been excluded from coverage due to the exclusion in section III(A) of the Endurance Policy.

66. As a result, Plaintiffs have no duty to provide insurance coverage, through payment of costs, charges and expenses in the defense of the Underlying Action, or through indemnification as a result of the Underlying Action, to Brach Eichler, LLC, or any other person or entity for the claims alleged in the Underlying Action.

67. For the reasons set forth above, an actual controversy exists between the parties concerning their respective rights and obligations under the Policies.

68.  A declaratory judgment will terminate and resolve any uncertainty regarding the obligations of the Plaintiffs with respect to providing insurance coverage arising out of the claims alleged in the Underlying Action.

WHEREFORE, Plaintiffs, Endurance American Specialty Insurance Company and Indian Harbor Insurance Company respectfully request declaratory relief pursuant to 28 U.S.C.A. § 2201 et seq., in the form of an Order declaring that:

(a)  The Policies are reformed to exclude coverage for the Underlying Action based on Brach Eichler's material misrepresentations; and

(b)  Plaintiffs have no duty under the Policies to defend and/or pay defense costs, charges and expenses in connection with any claims alleged in the Underlying Action;

(c)  Plaintiffs have no duty under the Policies to indemnify Brach Eichler, LLC or any other person or entity, for any claims alleged or asserted in the Underlying Action or arising out of the factual basis for the Underlying Action;

(d)  Finally, Plaintiffs are granted attorneys' fees, interest, costs of suit and such other and further relief as the Court deems just and appropriate.

**COUNT II - DECLARATORY JUDGMENT**

69.  Plaintiffs incorporate the preceding paragraphs of this Complaint as if set forth at length herein.

70.  Plaintiffs' maintain no coverage is owed for the Underlying Action. However, if Plaintiffs' request for reformation and a declaration that no coverage is owed for the Underlying Action is not granted, the insurance coverage under the Policies is limited as below.

71. The Policies do not provide coverage to any alleged predecessor firm of Brach Eichler, LLC.

72. The coverage under the Policies is limited to acts which occurred after April 6, 2009.

73. For the reasons set forth above, an actual controversy exists between the parties concerning their respective rights and obligations under the Policies.

74. A declaratory judgment will terminate and resolve any uncertainty regarding the obligations of the Plaintiffs with respect to providing insurance coverage arising out of the claims alleged in the Underlying Action.

WHEREFORE, Plaintiffs, Endurance American Specialty Insurance Company and Indian Harbor Insurance Company respectfully request declaratory relief pursuant to 28 U.S.C.A. § 2201 et seq., in the form of an Order declaring that

(a) Coverage under the Policies is limited to acts which occurred after April 6, 2009.

(b) The Policies do not provide coverage to any alleged predecessor firm of Brach Eichler, LLC.

(c) Finally, Plaintiffs are granted attorneys' fees, interest, costs of suit and such other and further relief as the Court deems just and appropriate.

## **DEMAND FOR TRIAL BY JURY**

Endurance American Specialty Insurance Company and Indian Harbor Insurance Company demand a jury trial with respect to all issues, claims and causes of action set forth herein that are so triable.

Respectfully submitted,

ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.

By: /s/ Lisa Z. Slotkin, Esquire
Lisa Z. Slotkin, Esquire
NJ Attorney I.D. No.: 020611994
Charity A. Heidenthal, Esquire
NJ Attorney I.D. No.: 034412004
Eitan D. Blanc, Esquire
NJ Attorney I.D. No.: 023462007
Attorney for Plaintiff
30 Montgomery Street, Suite 960
Jersey City, New Jersey 07302
(201) 432-7840 – voice
(201) 432-3945 – facsimile
Email: lzslotkin@zarwin.com
Email: caheidenthal@zarwin.com
Email: edblanc@zarwin.com

Dated:  March 23, 2018